HERMAN FUCHS, Respondent, *v.* THEODORE E. KOËRNER,
Appellant.

Upon breach by an employer of a contract of employment, by a discharge
  of the employe before the expiration of his term of service, the latter is
  only bound to use reasonable diligence to procure other employment of
  the same kind in order to relieve the employer as much as possible from
  loss consequent upon the breach; he is not bound to look for or accept
  occupation of another kind.

(Argued November 28, 1887; decided December 13, 1887.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
April 15, 1885, which affirmed a judgment in favor of plaintiff
entered upon a verdict. (Reported below, 20 J. & S. 77.)

This action was brought to recover damages for a breach of
a contract of employment.

On the 9th of February, 1884, the defendant engaged the
plaintiff "for his business in essential oils and essences for one
year," from the 6th of February, 1884, for the yearly wages
of $1,800, in weekly payments of $37.50. The plaintiff
served under that agreement until July 6, 1884, when the
defendant closed up his business, and for that reason dis-
charged the plaintiff. He, nevertheless, reported daily to the
defendant, and also sought employment elsewhere. The
defendant offered to employ him in making and selling fancy
boxes. This he declined, but in fact earned fifteen dollars in
other ways. The jury awarded him $712 damages. Further
facts appear in the opinion.

*John D. Ahrens* for appellant. Even if plaintiff were
wrongfully discharged, he was bound to seek other employ-
ment; and if an offer of employment is made to him he is
bound to accept it, so as to reduce his damages. (*Hamilton
v. McPherson*, 28 N. Y. 72; *Shannon* v. *Comstock*, 21 Wend.
462; *Howard* v. *Daly*, 61 N. Y. 371.)

*George L. Simonson* for respondent. The contents of a writing cannot be given in evidence in absence of proof of the loss of the paper and failure to notify the person in whose possession it was to produce the same. (Greenl, on Ev. § ——; Stephens Dig. Law of Ev., art. 70, 71, p. 125.) An expert can only be examined as to facts. He could only be permitted to testify as to the nature, character and quality of the goods he had examined, and not as to his judgment of the ability of the person who prepared the goods. (*Holcombe* v. *Munson*, 5 Cent. R. 398.) Plaintiff was only obliged to seek employment of the same kind, and was under no obligation to accept terms offered by defendant. (*Costigan* v. *Mohawk R. R. Co.*, 2 Den. 609; *Shannon* v. *Comstock*, 21 Wend. 457; *Howard* v. *Daly*, 61 N. Y. 369.)

DANFORTH, J. The learned trial judge charged the jury that it was the plaintiff's duty to use reasonable diligence in procuring another place of the same kind in order to relieve the defendant as much as possible from the loss consequent upon his breach of contract, but that he was not bound to accept occupation of another kind. An exception to this qualification presents the only question raised upon this appeal, and it must be answered in favor of the plaintiff. He was ready during the entire year to perform his agreement, and could not be required to enter upon a new business or one different from that which he had undertaken. (*Costigan* v. *Mohawk & Hudson R. R. Co.*, 2 Denio, 609.)

It follows that the judgment is right and should be affirmed.
All concur.
Judgment affirmed.