CHARLES S. BENNETT vs. MINNIE C. MORTON.

April 23, 1891.

Discharge of Servant during Term of Hiring — Damages.—Where an employe engaged for a definite term of service is discharged before the expiration thereof, he is presumptively entitled to recover as damages the amount of the wages agreed on, subject to a reduction for compensation earned, or which he had an opportunity to earn, in other employment during the remainder of the term.

Same—Evidence.—Evidence *held* sufficient to establish a contract of employment for a definite term, and that plaintiff was discharged before the expiration thereof.

Appeal by plaintiff from an order of the municipal court of St. Paul, refusing a new trial after trial by the court and judgment ordered for defendant in an action to recover $53.75 damages for alleged wrongful discharge from defendant's service.

*Walt. Teis Smith*, for appellant.

*James E. Trask*, for respondent.

VANDERBURGH, J.[1] The plaintiff sues for breach of contract, alleging that he entered into an employment contract with defendant for nine months' service as school-teacher, and that he was discharged without cause at the expiration of about five months, and claiming damages. Under the pleadings, the burden rested upon the plaintiff to establish his cause of action by proving the contract as alleged, and its breach. The court found for the defendant, and upon the issues found specially that the plaintiff was not discharged, but voluntarily left defendant's employment; that he suffered no damages; and, generally, that the plaintiff's evidence did not show facts sufficient to constitute a cause of action.

1. The evidence of plaintiff was sufficient to establish the contract as alleged, and there was no evidence on defendant's behalf on the question. There is no specific finding on this issue, but it is covered by the general one above referred to, and no objection was or is made to the form of the finding. *Califf* v. *Hillhouse*, 3 Minn. 217, (311.)

[1] Mitchell, J., took no part in this case.

2. Under this contract, if plaintiff was discharged without cause before the expiration of the term agreed on, his damages would be, presumptively, the amount of his wages, subject to be reduced·by the compensation for other inconsistent employment engaged in by him, or which he had an opportunity of earning. This, however, is matter in recoupment which it is incumbent on the defendant to set up and establish. *Horn* v. *Western Land Ass'n*, 22 Minn. 233; *Howard* v. *Daly*, 61 N. Y. 362, 370, 371; *Sutherland* v. *Wyer*, 67 Me. 64. The defendant denies that the plaintiff held himself in readiness to perform the contract during the time in question, and the court finds that he did not. But this was not necessary to entitle him to recover his actual damages. *Howard* v. *Daly, supra.* Whether his subsequent engagements for any portion of the time may have been inconsistent with his employment for defendant, or whether, under the evidence in the case, it might be found that his damages should be reduced on account of other employment, we need not inquire, since he was at least entitled to some damages, to be measured by the rule stated. Assuming that he was wrongfully discharged, the court erred in finding that he had not been damaged in any amount.

3. But the court also finds that the plaintiff was not discharged from the employment of the defendant, but that he left voluntarily and at his own instance. Whether the evidence warrants this finding presents the principal question in the case. In relation to his discharge the plaintiff testified that on Friday, about April 10th, as they were about leaving the school-room, the defendant informed him of some complaints made by patrons of the school, and said to him: "'We had better discontinue our relationship.' I asked her at what time, and she said 'Immediately;' and with that I left. After I had gone down stairs, I returned and asked her if we could have a meeting the next day. She said, 'No,' she was too busy, and she could not then arrange any time for a personal meeting." He also testified that he presented himself at the school-room, Monday morning following, at the usual time, 9 o'clock, and found that his classes were taken by other teachers. No work was assigned to him, and after waiting for an hour and a half he left the school-room, and did not afterwards return. The defendant saw him there, but said noth-

ing to him about his work. The defendant offered no evidence in her own behalf, and plaintiff's evidence was left undisputed, uncontradicted, and unexplained. Its effect was, in substance, a notification to him that his services were no longer desired, and a suspension of his employment, and he was warranted in so interpreting it, and she must have so understood it. She could very easily have corrected his misapprehension, if she desired to do so. We think the finding of the court in question not justified by the evidence, and there must be a new trial.

Order reversed.

