ELIZABETH R. FARRELL v. SCHOOL-DISTRICT No. 2 OF THE TOWNSHIP OF RUBICON.

*Schools and school-districts—Employment of teacher—Validity of contract—Breach—Damages.*

| 98 | 43 |
| 99 | 493 |
| 98 | 43 |
| 103 | 523 |
| 98 | 43 |
| 112 | 55 |
| f 113 | 530 |
| 98 | 43 |
| 118 | 676 |
| 98 | 43 |
| d121 | 656 |
| 98 | 43 |
| 135 | ³456 |
| 98 | 43 |
| 147 | 706 |

1. A contract with a qualified teacher, made pursuant to a resolution adopted by a majority of the trustees of a graded school-district, and signed by the moderator and assessor and one of the trustees, is valid, though not signed by the director; citing *Crane v. School-Dist.*, 61 Mich. 299.

2. The board of trustees of a graded school-district has power to employ a legally qualified teacher for the ensuing year prior to the annual school meeting (*Tappan v. School-Dist.*, 44 Mich. 500; *Cleveland v. Amy*, 88 Id. 374); and it is not within the power of a subsequent board to rescind the contract, without some valid reason.

3. An objection to the introduction of certificates, purporting to have been issued to a teacher by the secretary and chairman of the board of school examiners, as incompetent evidence, cannot be enlarged in the Supreme Court into an objection that no proof was made that the certificates were signed by such officers.

4. If the board of trustees of a graded school-district sees fit illegally to rescind a contract made with a qualified teacher, and to refuse to allow her to perform the same, the burden of proof is cast upon the district, in a suit by the teacher to recover the agreed salary, to show that she secured, or might have secured, similar employment.

5. The law does not require a teacher who is employed to teach in a graded school, and whose contract is illegally rescinded by the board of trustees, and who is prevented from performing the same, to seek or accept service in ordinary district schools.

6. Where, in such a case, the teacher is taking her vacation for rest and recreation when the contract is rescinded, she cannot legally be called upon to abandon it, and seek employment for the coming year, and she is justified in notifying the district that she will insist upon her contract, and be ready at the proper time to perform it.

7. Where, in such a case, the certificate held by the teacher showed that she had passed an examination, and was qualified to teach in defendant's school, in which she had taught for some time, and both she and the old board were familiar with the course of study therein, the new board cannot rescind the contract on the ground of plaintiff's alleged incompetency, it not being claimed that the old board was not aware of plaintiff's qualifications when the contract was made.

Error to Huron. (Beach, J.) Argued November 15, 1893. Decided December 4, 1893.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Charles L. Hall,* for appellant.

*Horace G. Snover* (*Elbridge F. Bacon,* of counsel), for plaintiff.

GRANT, J. The defendant is a graded school-district, with five trustees. Plaintiff had been employed as a teacher in the school during the latter part of the school year 1891. It is claimed that she was employed under a written contract dated June 27, made pursuant to a resolution of the school board on June 20, for the ensuing school year, commencing in September. She presented herself in the schoolroom on the morning of the opening of school, to perform her contract, but was informed by the director that another teacher had been employed. She also appeared on the second and third mornings for a like

purpose, but on the third morning was denied permission to enter the school-house. She claims that she made proper efforts to obtain like employment in other schools, but failed. At the close of the year she brought this suit for breach of the contract, to recover as damages the salary of $400, mentioned in it. The court directed a verdict in her favor. The facts will be stated in connection with each point raised by the defense.

1. June 20 a meeting of the school board was held, at which all the members were present. A resolution was adopted, by a vote of three to two, to employ plaintiff as principal for the ensuing school year at a salary of $40 per month. June 27 the contract was made, signed by three members of the board—the moderator, assessor, and one trustee—and by the plaintiff. It is insisted that the contract is void because not signed by the director, under How. Stat. § 5134, subd. 4, which makes it the duty of the board to employ qualified teachers, and to require the director and moderator to make contracts with them on behalf of the district. This point is ruled against the defendant in *Crane v. School-Dist.*, 61 Mich. 299. It is not in the power of the director and moderator to defeat the action of the board by refusing to sign a contract authorized by it.

2. The contract was valid, though made prior to the annual school meeting. The old board had the right to employ teachers for the ensuing year. *Tappan v. School-Dist.*, 44 Mich. 500; *Cleveland v. Amy*, 88 Id. 374. The reasons for the rule are fully stated in *Tappan v. School-Dist.* The statute providing that the annual meeting may be changed from September to July does not affect the rule.[1]

3. After the annual election in July, at which two new trustees were elected, and on July 18, the board met, and

[1] How. Stat. § 5046.

by resolution rescinded the action of the old school board in hiring teachers for the ensuing year. July 20 notice of this action was mailed to the plaintiff, and she admits having received it. For this action no reason was given. It was not in the power of the subsequent board to rescind a contract which was legally made by the old board, without some valid reason therefor. These school contracts are governed by the same rules as other contracts, and, when once legally made, are equally binding upon both parties thereto. Neither can violate them without compensating the other for the damages sustained.

4. Plaintiff introduced in evidence two certificates, one a third and the other a first grade. The first-grade certificate showed that she was qualified to teach in any school-district in this State for four years. These were objected to as incompetent. The objection now made is that there was no proof that they had been issued and signed by the secretary and chairman of the board that issued them. If the defendant then claimed that there was a defect in the certification, it was its duty to point it out upon the trial. Technical objections of this character cannot be taken advantage of under a general objection of incompetency and immateriality. *Krolik v. Graham,* 64 Mich. 226; *Wood v. Weimar,* 104 U. S. 786.

5. No evidence was introduced on the part of the defendant as to any efforts made by plaintiff to secure the like employment elsewhere, nor as to her opportunities for doing so, except that which was elicited from the plaintiff's cross-examination. Upon receipt of the letter notifying her of the resolution of the board attempting to rescind the contract, she at once replied that she should insist upon keeping the contract, and that she would be present at the beginning of the school year for that purpose. She testified that between the time of the receipt of this letter and the opening of school she inquired of some personal

friends in Livingston county, where she lived, if they knew of any vacancies in the graded schools of that county. She made no application, because she knew of no vacancy. Most graded schools employ their teachers before the close of the school year in June. After September 7 she made several applications for positions in graded schools, but did not find any. She made no applications in ordinary district schools.

The law does not require that the plaintiff should have sought or accepted service of a different grade or character from that in which she was employed. Her testimony was uncontradicted, and in no manner impeached. The court therefore was right in holding that she had done all that the law required her to do in attempting to find other employment. Wood, Mast. & Serv. § 127. A plaintiff may rest his case upon proof of a contract of service, its breach, and damages, which are determined by the contract price of the services. The defense that he was engaged in other profitable employment, or might have had other similar employment, is an affirmative one, and the burden of proof is upon the defendant. 2 Greenl. Ev. § 261a. If an employer sees fit to discharge his employé without legal excuse, it is equally within his power to seek, and, if he find, to offer, other similar employment to such employé, or to furnish evidence to the jury that such employment might, with reasonable effort, have been obtained. When he has been guilty of the wrong, the law casts the burden upon him to show that the employé has not, or need not have, suffered damages.

6. When a master rescinds a contract of service before the time agreed for the commencement of such service, the servant has his choice of two courses,—he may consider and treat the contract as rescinded, or he may treat it as still existing, and tender performance at the proper time. *Howard v. Daly*, 61 N. Y. 362. The same reasoning does

not apply to a rescission before the time fixed for the service to commence that does to a discharge from service. In the latter case the servant is presumed to be out of employment, and it is clearly his duty to accept other similar employment; but in the former case he is not presumed to be out of employment, and cannot therefore, in reason, be required to seek other employment to cover the future period. If, however, as in the case of teachers, they are taking their vacation for rest and recreation, they cannot legally be called upon to abandon these, and seek employment for the coming year. Plaintiff was therefore justified in notifying defendant that she would insist upon her contract, and be ready at the proper time to perform it.

7. The court rejected the question, "Did you ever study geometry?" This was one of the studies named in the course of study in the high school department. This was offered for the purpose of showing the incompetency of plaintiff to perform her contract. The course of study was introduced in evidence, and shows that geometry was an optional study of the spring and winter terms in the tenth grade. This was the only evidence offered to show incompetency, but perhaps it is sufficient to raise the question of the right to defend on this ground. Plaintiff's certificate showed that she had passed an examination, and was qualified to teach in this particular school. Undoubtedly, the school board, upon application made to it, has the right to require further examination of the applicant, to determine whether or not it will employ him. That was not done in this case. Plaintiff had already taught in this school for some time. Both she and the board were familiar with the course of study. She made no concealment as to her qualifications. Her certificate entitled her to teach, if the board saw fit to employ her. Under these circumstances, we are of the opinion that the board had no right to rescind the contract, even if it had been done upon the

ground of alleged incompetency. It is not claimed that the board was not aware of her qualifications at the time the contract was made. She had the right to enter upon the service, and have her competency determined by the service rendered.

It is a hardship upon the district to be compelled to pay for services which were not rendered, and, upon the contrary, it is an equal hardship upon the plaintiff to be thus thrown out of employment. The defendant is responsible for the hardship through the action of its officers, and must therefore suffer the consequences.

Judgment affirmed.

The other Justices concurred.