JOSEPH J. BEISSEL v. VERMILLION FARMERS ELEVATOR COMPANY.[1]

October 18, 1907.

Nos. 15,256—(9).

**Contract of Employment—Discharge.**

In a contract of employment, where the services to be rendered are personal, involving considerations of fitness, integrity, and confidence, and the contract provides that, if the employee neglects or refuses to perform the services in a manner satisfactory to the employer, then the employer, at his option, may declare the agreement null and void; and all that is required on the part of the employer in exercising the option is that he

[1]Reported in 113 N. W. 575.

shall act in good faith, and not arbitrarily. The contract involved in this action comes within this class. Conceding that the court erroneously charged the jury as to the proper rule of law, appellant is not entitled to take advantage of the error, for the reason that the answer justified the discharge of the employee upon the ground that reasonable cause existed for so doing. The court was probably misled by the answer, and no objection to the charge was made at the time.

**Action for Wrongful Discharge—Proof of Damage.**

Where the employee is wrongfully discharged prior to the termination of his contract of employment, in an action to recover the stipulated wages for the entire term covered by the contract, the employee is not required to allege and prove that in the interim he was unable to obtain other employment.

Action in the district court for Dakota county to recover $570 upon a contract of employment. The case was tried before Crosby, J., and a jury which found in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*W. H. Gillitt* and *Albert Schaller,* for appellant.

*Ernest Otte, W. H. De Kay,* and *Wm. Hodgson,* for respondent.

LEWIS, J.

Respondent was employed by appellant as manager of its grain elevator for the period of one year, commencing July 12, 1905, at the rate of $70 per month. The contract was in writing and contained the following stipulation:

> That should the said party of the second part fail, neglect, or refuse to keep and perform any and all of the covenants herein set forth, and fail and neglect or refuse to perform said services in a manner satisfactory to the said party of the first part, * * * then and in that event the said party of the first part may, at its option, declare this agreement null and void, and the said party of the first part shall be absolutely and forever discharged from any and all liability under the conditions of this agreement.

The complaint alleged that respondent entered on his employment July 12, 1905, and continued in it until January 13, 1906, when appellant, without cause, discharged him from its service, although re-

spondent was ready and willing to continue therein. The answer justified the discharge and set up a counterclaim for money lost on account of respondent's incompetency. It was shown at the trial that at the time he was discharged respondent had been paid the sum of $270, and the court instructed the jury to return a verdict for him in the sum of $150, the balance due him at the rate of $70 per month up to the time of his discharge. As to the remaining six months of the year, the court instructed the jury that respondent was entitled to recover the full amount, unless appellant had reasonable ground for dissatisfaction, and discharged him by reason thereof:

> Now, this contract provides that the plaintiff might be discharged if he did not perform the services that he was engaged to perform to the satisfaction of the company. Did he perform the services to the satisfaction of the company? If they were dissatisfied with the manner in which he performed his services, was there a reasonable cause for that dissatisfaction? If so, they had the right to discharge him. Under this contract they could not act arbitrarily. They were not permitted to do that, or whimsically. If they had reasonable ground or there was a reasonable cause for their dissatisfaction, and they were dissatisfied, then they had the right to discharge him. * * *

The jury returned a verdict for the full amount, and the correctness of this instruction is the principal question raised on this appeal.

In Frary v. American Rubber Co., 52 Minn. 264, 53 N. W. 1156, 18 L. R. A. 644, the court called attention to the two classes of cases which illustrate the rule applicable when a contract provides that an employee may be discharged if his services are not satisfactory to the employer. In those cases where the services to be rendered are personal, general in their nature, and especially where the employment involves consideration of fitness, business capacity, integrity, trust, and confidence, all that is required is that the employer shall act in good faith, and not arbitrarily. The court below probably had in mind this rule of law, and only intended to state that there must be reasonable ground for the good faith of the discharge; but, conceding that the court was indefinite and that the proper rule of law was not clearly stated, in our opinion, appellant should not be permitted to take ad-

vantage of it. It was averred in the answer that respondent became disqualified, incompetent, and wholly unfit to properly discharge the responsible duty of conducting and operating the grain elevator to the reasonable satisfaction of appellant. The court apparently adopted the position assumed in the answer. No exceptions were taken to the charge, and counsel did not attempt to set the court right. Under such circumstances appellant is not entitled to any relief, if the jury were misled.

. It is further claimed that the court erred in directing the jury to return a verdict for respondent for at least $150 upon the ground that there was an entire failure on the part of respondent to plead and prove that he had made an honest effort to obtain other employment. It was decided in Horn v. Western Land Association, 22 Minn. 233, that if in the interim the employee obtained other employment and compensation, inconsistent with his engagement under the contract, such fact constituted affirmative matter in recoupment, which was incumbent upon the defendant to set up and establish. That case was referred to and approved in Bennett v. Morton, 46 Minn. 113, 48 N. W. 678, where it was said: "Under this contract, if plaintiff was discharged without cause before the expiration of the term agreed on, his damages would be presumptively the amount of his wages, subject to be reduced by the compensation for other inconsistent employment engaged in by him, or which he had an opportunity of earning. This, however, is matter in recoupment, which it is incumbent on the defendant to set up and establish." Other jurisdictions have established the same rule. Hamilton v. Love, 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384; Merrill v. Blanchard, 7 App. Div. 167, 40 N. Y. Supp. 48; Porter v. Burkett, 65 Tex. 383; 13 Enc. Pl. & Pr. 916.

The evidence was insufficient to sustain any counterclaim, and the other assignments of error have been examined and found not well taken.

Affirmed.

ELLIOTT, J. (concurring).

The justice who wrote the syllabus in the case of McMullan v. Dickinson Co., 63 Minn. 405, 65 N. W. 661, 663, evidently understood

that in an action of this nature the burden is upon the plaintiff to aver and show that he made an honest effort to obtain other employment. The statement to that effect in the syllabus is not justified by the opinion. This statement should be made, in order to avoid confusion.