## MAUDE E. COOPER v. STRONGE & WARNER COMPANY.[1]

May 27, 1910.

Nos. 16,683—(104).

**Contract of service — change of employment.**

A contract employing one as manager of a sales department is violated by the master in reducing a servant to a salesclerk.

**Damages — seeking employment.**

The employee so reduced is required to be reasonably diligent in seeking employment of a similar character to that contracted for.

Action in the municipal court of Duluth to recover $400 upon an alleged breach of contract of employment. In its amended answer defendant alleged plaintiff voluntarily left its employment and that she was paid for all services rendered; that since leaving she had made no effort to procure other employment, and averred that if she had made any reasonable effort to do so she could have obtained it and received therefor an amount equal to that demanded. The reply alleged that plaintiff had made all reasonable effort to obtain other employment and was unable to obtain any of any kind or nature whereby she could earn any part of the salary promised her by defendant. The case was tried before Windom, J., and a jury which rendered a verdict in favor of plaintiff for the amount demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed to the district court for that county which affirmed the order, Ensign, Cant, Dibell, Hughes, JJ. From the order of affirmance defendant appealed to this court. Affirmed.

[1]Reported in 126 N. W. 541.

---

[Note] On question of reduction of rank or changing duties of employee as violation of contract of employment, see note to this case in 27 L. R. A. (N. S.) 1011.

111 M.—12.

*Washburn, Bailey & Mitchell,* for appellant.
*A. E. McManus,* for respondent.

O'BRIEN, J.

Defendant is a manufacturer and retailer of millinery goods. In part, its business consists in maintaining millinery departments in stores located in different localities. Plaintiff had been employed by defendant as manager of one of those departments, maintained by it in Dubuque, and claims to have subsequently entered into a contract with defendant for similar employment from March 1 to August 1, 1909, at a salary of $25 per week. In February, 1909, plaintiff was directed to take charge of a millinery department conducted by defendant in a store at Duluth. She continued in that position for two weeks, when she was superseded by another woman, but requested to remain in the department as a salesclerk at the same salary. This she refused to do, insisting that her contract with the defendant was that she be employed as the manager of some one of the departments owned by the defendant, and offered to accept such position in any locality defendant might designate. The defendant failed to furnish plaintiff with a position as manager, and on the trial insisted that the contract was only to pay the plaintiff $25 per week between the dates mentioned, without reference to the particular grade of the position in which the plaintiff should be employed. It further appeared that plaintiff was offered another position as a saleswoman by another firm at $20 per week, which she refused to accept.

The action was tried by a jury in the municipal court of Duluth, and a judgment in plaintiff's favor was affirmed on appeal to the district court.

The contentions of the respective parties as to the terms of the contract were fully submitted to the jury; but the instructions were to the effect that, if the contract of hiring was that plaintiff was to be employed as manager, she was not required to accept employment as saleswoman. Defendant claims this as error, arguing that there is practically no difference in such employments, inasmuch as the manager of the department acts also as a saleswoman, her duties as manager being merely additional responsibilities, and that relieving

the plaintiff of them involved no degradation or loss of caste, and imposed upon her no duties which were dissimilar to some of those formerly performed by her.

The authorities seem to support the conclusions upon this subject given in Wood, Master & Servant, § 127. The servant, discharged in violation of the contract of hiring, prima facie is entitled to recover the agreed wages for the full term, subject to his duty to be reasonably diligent in seeking other employment of a similar kind, and, if obtained, the compensation received therefor is to be deducted from the aggregate agreed amount. "By other employment is meant employment of a character such as that in which he was employed or not of a more menial kind." Bennett v. Morton, 46 Minn. 113, 48 N. W. 678; Wilkinson v. Black, 80 Ala. 329; Farrell v. School District, 98 Mich. 43, 56 N. W. 1053; Costigan v. Mohawk, 2 Denio (N. Y.) 609, 43 Am. Dec. 758; Fuchs v. Koemer, 107 N. Y. 529, 14 N. E. 445; Kramer v. Wolf, 99 Tex. 597, 91 S. W. 775; Leatherberry v. Odell, Ragan & Co. (C. C) 7 Fed. 641.

Under the evidence in this case, we consider it a very close question whether the positions of manager and saleswoman in one of defendant's departments are so dissimilar that an employee, when tendered the same salary, is not required to accept either (Squire v. Wright, 1 Mo. App. 172), but have concluded that, if the master deliberately enters into a contract providing for the employment of another as manager, the employee has a right to insist upon retaining that grade, in the absence of any showing which would justify the master in reducing the rank of the servant. The grade of the employment may have been the inducing cause for this contract. When the change was proposed, the season for obtaining positions of that character had advanced, and while, perhaps, a very slight cause might have been sufficient to have justified defendant's action, we think, in the absence of a showing of some cause, the defendant must be held to have broken the contract.

Order affirmed.