# ARNOLD A. SCHOMMER v. FLOUR CITY ORNAMENTAL IRON WORKS.[1]

April 30, 1915.

Nos. 19,171—(108).

**Judgment on the pleadings.**

1. A motion for judgment on the pleadings admits the facts alleged in the opposing pleading for the purposes of the motion.

**Contract — penalty.**

2. If a contract, which states the amount to be paid in case of a breach thereof, manifestly disregards the rule that the injured party is entitled to fair compensation for his actual damages and nothing more, it will be construed as naming a penalty and not as fixing the amount of the damages.

**Same — liquidated damages.**

3. A provision which would give no damages for a total breach of the contract, and large damages for an unimportant breach thereof, violates the rule and cannot be construed as providing for liquidated damages.

**Discharge of servant — burden of proof.**

4. Where a discharged servant sues for loss of time, the burden is upon the master to show that he was discharged for cause, or obtained, or could have obtained, other employment.

Action in the municipal court of Minneapolis to recover $84 for wages and $52.50 for loss of time caused by plaintiff's discharge. The case was tried before Montgomery, J., who granted plaintiff's motion for judgment on the pleadings on the first cause of action and defendant's motion for a directed verdict in its favor on the second cause of action. From an order denying its motion for a

[1] Reported in 152 N. W. 535.

Note.—On the question whether the sum deposited to secure the performance of a contract is a penalty or liquidated damages, see note in 38 L.R.A.(N.S.) 847.

Upon the right of a wrongfully discharged servant to recover wages for contract period subsequent to discharge, see notes in 5 L.R.A.(N.S.) 439 and 28 L.R.A.(N.S.) 577.

new trial on the first cause of action and granting plaintiff's motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*A. B. Darelius,* for appellant.

*J. B. Faegre* and *C. G. Krause,* for respondent.

TAYLOR, C.

Plaintiff, a minor, was apprenticed to defendant for a term of four years to learn the trade of a moulder. The contract reserved to defendant the right to discharge him for cause at any time. It fixed his wages at $1.50 per day for the first six months, $1.60 per day for the second six months, $1.75 per day for the second year, $2 per day for the third year, and $2.50 per day for the fourth year. The contract also contained the following provision:

"$1.00 per week will be retained which will be given him when he receives his certificate. It is especially agreed that should the apprentice fail to work out his full term, engage in a strike or be discharged for a good and sufficient cause, he shall not be paid for the above retained wages, nor shall he be given an apprentice's certificate."

Plaintiff worked for 84 weeks and was then discharged by defendant, who retained one dollar per week from his wages amounting to the sum of $84. Five weeks after his discharge plaintiff brought this suit. He alleges in his complaint that he fully performed all his duties until discharged and was discharged without cause; also that he made diligent effort to obtain other employment and was unable to do so. He sets forth two causes of action. In the first he seeks to recover the amount retained by defendant out of the wages earned before his discharge. In the second he seeks to recover as damages $1.75 per day for five weeks lost time amounting to $52.50. Defendant in its answer admits the contract and admits discharging plaintiff at the time stated in the complaint, but alleges that he was discharged for cause and sets forth ample grounds therefor. At the trial plaintiff moved for judgment on the pleadings upon the first cause of action, and the motion was granted and judgment so ordered. The parties then went to trial upon the second cause

of action.   Plaintiff testified that he was discharged after working 84 weeks and rested.   Defendant also rested.   Neither offered any evidence as to whether plaintiff was or was not discharged for cause. Both parties moved for a directed verdict and the court directed a verdict for defendant.   Thereafter defendant made a motion for a new trial as to the first cause of action, and plaintiff made a motion for judgment notwithstanding the verdict or for a new trial as to the second cause of action.   The court denied a new trial as to the first cause of action, and directed judgment for plaintiff notwithstanding the verdict as to the second cause of action.   Defendant appealed from both orders.

Only two questions are presented:   (1) Whether the provision authorizing defendant to hold back one dollar per week from plaintiff's wages shall be construed as naming a penalty, or as fixing the amount to which plaintiff is entitled as liquidated damages for a breach of the contract; (2) whether in order to recover for loss of wages plaintiff must prove that he endeavored to obtain other employment and was unable to do so.

1. Plaintiff's motion for judgment on the pleadings necessarily admitted, for the purposes of the motion, that he had been rightfully discharged for cause, and defendant contends that the provision for retaining one dollar per week of plaintiff's wages entitles defendant to that amount as liquidated damages for plaintiff's breach of the contract.   To determine when such provisions are in the nature of a penalty and when they fix the amount of damages recoverable for a breach of the contract has given the courts much trouble.   The law adopts as its guiding principle that the injured party is entitled to receive a fair equivalent for the actual damages necessarily resulting from failure to perform the contract and no more.   If the damages which follow a breach of contract may be ascertained and measured with reasonable readiness and certainty by the application of the ordinary rules of law, a provision purporting to fix such damages at an amount materially different from the actual damages is held to be a penalty.   If substantial damages may follow a breach and such damages cannot be ascertained or measured by the ordinary rules, a provision for liquidated damages not manifestly dispro-

portionate to the actual damages will be sustained. There is no hard and fast rule which can be applied in all cases, and each case must be determined according to its own peculiar facts, bearing in mind that a provision which clearly disregards the guiding principle cannot be given effect as fixing the amount recoverable, and that doubts are usually to be resolved in favor of that construction which will give the injured party his actual damages.

Plaintiff contracted to work for a period of 208 weeks. If the provision in controversy be construed as fixing the amount to which defendant is entitled as liquidated damages for a breach of the contract, it would follow that if plaintiff had refused to perform any services whatever, and thereby had deprived defendant of all benefit from the contract, defendant could recover nothing as damages, but, if plaintiff had worked faithfully for 207 weeks and had then quit without cause, defendant could retain $207 for plaintiff's failure to serve during the remaining week. Such a provision disregards the purpose of the law to secure fair compensation for the actual damages and must be construed as providing a sort of security for performance of the contract—as akin to the penalty named in a bond—and, as defendant failed to prove any actual damages, plaintiff is entitled to recover the remainder of his wages.

2. Defendant contends that plaintiff cannot recover for loss of wages without proving that he sought other employment and was unable to obtain it. Defendant had the burden of proving that plaintiff was discharged for cause, and, no such proof having been offered, it must be assumed, in considering the second cause of action, that there was no dereliction of duty on plaintiff's part justifying his discharge. It has already been determined in prior decisions that a servant discharged without cause is presumptively entitled, as damages, to an amount equaling his wages for the unexpired portion of the term; but that the employer may reduce the amount by showing that the servant obtained, or by reasonable effort on his part could have obtained, other employment. Beissel v. Vermillion Farmers Ele. Co. 102 Minn. 229, 113 N. W. 575, 12 L.R.A.(N.S.) 403; Cooper v. Stronge & Warner Co. 111 Minn. 177, 126 N. W. 541, 27

L.R.A.(N.S.) 1011, 20 Ann. Cas. 663. Following these cases, we hold that defendant's contention cannot be sustained.

Both orders appealed from are affirmed.