## N. L. McFARLAND v. L. M. SUMMERVILLE, INC.[1]

### January 3, 1919.

### No. 21,058.

**Cancelation of contract — verdict sustained by evidence.**

1. Action to recover a monthly instalment of salary under an employment contract. The main defense was, that the contract had been canceled by consent. The jury found that the contract had not been canceled. The evidence sustains this finding.

**Discharge of servant — rule inapplicable.**

2. The principle that an employee wrongfully discharged must use reasonable diligence in seeking other employment has no application to this case. The theory on which the case was tried and won was that during substantially the whole month the parties were acting under the contract and that plaintiff had not been discharged.

**Charge to jury.**

3. There was no error in the charge of the court.

Action in the district court for Hennepin county to recover $302.29, balance due upon a contract. The answer alleged that on June 30, 1917, by mutual agreement the parties terminated the contract; that plaintiff had been overpaid $31.50; that defendant furnished plaintiff an automobile to be used in its business; that plaintiff appropriated the car to his own use and that he damaged it to the extent of $285.80. The case was tried before Hale, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $302.29. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John C. Larson* and *John F. Gibbons,* for appellant.

*J. B. Faegre* and *Hoke, Faegre & Bauers,* for respondent.

[1] Reported in 170 N. W. 214.

HALLAM, J.

Plaintiff and defendant entered into a written contract by which defendant employed plaintiff as a land salesman for one year from May 1, 1917, at a stipulated salary, payable monthly, and actual traveling expenses. Plaintiff sues for the instalment of salary for July, 1917, and certain traveling expenses. The jury found for plaintiff. From an order denying defendant's alternative motion for judgment notwithstanding the verdict or for a new trial, defendant appeals.

The main defense was that on June 30, 1917, the parties by mutual consent terminated the contract. The jury found against defendant on this issue. Defendant contends that this finding is not sustained by the evidence, but that the evidence conclusively proved that the contract was canceled by mutual consent.

We have carefully examined the evidence and we are of the opinion that it is sufficient to sustain the verdict. Defendant had an office in Minneapolis. The contract specified no place where the services were to be performed. Plaintiff was sent to Kenmare, North Dakota, with the understanding that he was to work there. He did work there until June 30. The testimony on behalf of defendant is explicit that on June 30 plaintiff had a conference with Mr. Summerville, defendant's president, that both agreed that on account of drouth in that vicinity no business could be done and that it was mutually agreed that plaintiff's contract be canceled. There are some circumstances that corroborate defendant. On the other hand, plaintiff blankly denies that there was any such agreement or that there was at that time any talk with reference to cancelation of the contract. His testimony is substantially as follows: On June 30 Summerville told him he might go to Minneapolis to spend July 4. He did so and while there he reported to defendant's office every day. About the middle of the month Summerville told him that he had better not go back to North Dakota "until we got some rain and things looked better" but that defendant would try to find some new territory where conditions were better, and he asked plaintiff to stay around the office in the meantime. Plaintiff did so and continued to report at the office every day. Finally on July 27 Summerville told him: "There is no crops anywhere where we can throw our forces in to work," and asked plaintiff to cancel his contract but plaintiff refused.

It is clear that there was a direct conflict in the evidence as to cancelation of the contract. The jury might have found either way. The evidence would have sustained a finding either way. The jury found for plaintiff. Their verdict must stand.

2. Defendant contends that plaintiff cannot recover because he made no effort to secure other employment during July. An employee wrongfully discharged is under obligation to use diligence in seeking other employment. McMullan v. Dickinson Co. 60 Minn. 156, 62 N. W. 120, 27 L.R.A. 409, 51 Am. St. 511; Cooper v. Stronge & Warner Co. 111 Minn. 177, 126 N. W. 541, 27 L.R.A.(N.S.) 1011, 20 Ann. Cas. 663; Schommer v. Flour City Ornamental Iron Works, 129 Minn. 244, 152 N. W. 535. But this principle has no application to this case. There is no claim that plaintiff was discharged until July was almost spent. According to plaintiff's evidence he disposed of himself up to that time as defendant directed and was in the employ of defendant under the contract. The transaction of June 30 was not a discharge. It was a mutual cancelation of the contract or nothing. The jury found it amounted to nothing.

3. Defendant contends that the charge of the court was argumentative; that it contained misstatements of fact; that it misled the jury by an intimation that the question of performance by plaintiff of his contract during May and June had a bearing on his right to recover his salary for July. The portions of the charge excepted to cover about two pages of appellant's brief. We do not deem it necessary to quote them here. We have carefully examined the whole charge. In our opinion it fairly stated the issues and is not open to the objections urged.

Order affirmed.