**Angeline BECKWITH**

**v.**

**SCHOOL ADMINISTRATIVE DIS-
TRICT NO. 2.**

Supreme Judicial Court of Maine.

June 17, 1968.

Frank G. Chapman, Augusta, for appellant.

John L. Easton, Jr., Dover-Foxcroft, for appellee.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This complaint arising from the termination of a teaching contract is before us on appeal by School Administrative District No. 2 (S.A.D. No. 2) from the order of the Superior Court that the complainant, Mrs. Beckwith, be granted a hearing under 20 M.R.S.A. § 161, subd. 5.[1] The complaint

1. The pertinent part of 20 M.R.S.A. § 161, subd. 5 reads:

"Except that after a probationary period of not to exceed 3 years, subsequent contracts of duly certified teachers shall be for not less than 2 years, and unless a duly certified teacher receives written notice to the contrary at least 6 months before the terminal date of the contract, the contract shall be extended automatically for one year and similarly in subsequent years, although the right to an extension for a longer period of time through a *new* contract is specifically reserved to the contracting parties. [Af-

ter a probationary period of 3 years, any teacher, who receives notice in accordance with this section that his contract is not going to be renewed, may during the 15 days following such notification request a hearing with the school committee or governing board. He may request reasons. The hearing shall be private except by mutual consent and except that either or both parties may be represented by counsel. Such hearing must be granted within 30 days of the receipt of the teacher's request."] (Brackets indicate amendment by Laws 1959, c. 248.)

was brought under Rule 80B, Maine Rules of Civil Procedure, relating to review of administrative action.

Mrs. Beckwith, a duly certified teacher with more than three years of continuous teaching in the District, received the following notification on February 3, 1967 from the Superintendent of Schools acting as Secretary of the Directors of the District:

"Dear Mrs. Beckwith:

At a special School Committee meeting held in the office of the Superintendent of Schools on January 31, 1967, it was moved, seconded and voted to notify you of the termination of your contract after expiration of the present term. A unanimous vote was recorded."

On February 6, 1967 Mrs. Beckwith wrote to the Superintendent and the Directors:

"Sirs:

Mrs. Angeline G. Beckwith requests an explanation of your letter of Februry 3, 1967."

The Superintendent replied on February 8, 1967:

"Dear Mrs. Beckwith:
In answer to your letter of February 6, 1967 requesting an explanation in full of my letter to you of February 3, 1967 notifying you of the termination of your contract after expiration of the present term. "May I say the following: The Board of Directors at the special meeting held on January 31, 1967 took official action to terminate your continuing contract dated April 13, 1962.

"This six-month notification of termination of the contract amounts to a decree of separation and an advisement nullifying the automatic extension provision of the law. Thereby, this notification re-

ferred to above, dated February 3, 1967 will terminate your contract with School Administrative District No. 2 as a teacher as of August 31, 1967."

The parties stipulated that the presiding Justice found that Mrs. Beckwith's letter of February 6 constituted a sufficient request for hearing and reasons as required under the statute, and further, that subsequent requests for hearing and reasons as alleged in the complaint were made after February 20, 1967, or, in other words, more than fifteen days after the notice of February 3rd.

■ The request for explanation of February 6 was not, in our view, a request for hearing before the Board within the meaning of the statutes. Obviously, Mrs. Beckwith wished to know the reasons why her contract was not going to be renewed. It does not follow, however, that she thereby desired or requested a hearing.

The Superintendent's reply of February 8 did not answer the request for explanation. It did no more, as we read it, than restate in more words the fact of termination. The failure of the Superintendent to give the desired information, however, has no bearing upon the fact that at no time within the statutory fifteen day period from the February 3rd notice did Mrs. Beckwith request a hearing.

■ The statute does not provide that a teacher in the circumstances of Mrs. Beckwith be notified of his right to hearing on request made within the limited period, or of his right to request reasons seasonably before hearing. There was thus no failure on the part of the school authorities to advise Mrs. Beckwith of her rights under the statute. She must be held to have knowledge of the statutory requirements and must suffer such loss as may have arisen from her failure to comply with the plain terms laid down by the Legislature.

The instant case is distinguished from Zeller v. Prior Lake Public Schools, 259 Minn. 487, 108 N.W.2d 602, 89 A.L.R.2d 1012 (1961) cited by the complainant. In *Zeller,* the teacher on receipt of a notice that his contract would not be renewed, wrote the school board, "I would appreciate reconsideration." The Minnesota Court held this was a sufficient response to indicate quite clearly to the school board that the teacher desired the statutory hearing. In our case we have no more than a request for explanation unaccompanied by any words indicating a request for hearing.

The complaint to the Superior Court should have been dismissed.

The entry will be:

Appeal sustained. Remanded for action not inconsistent herewith.

DUFRESNE, J., sat at argument but did not participate in the decision.