Fred SHIELS, Robert L. Swafford, Keith U. Clark, and R. D. Vernon, Plaintiffs-Appellants,

v.

The BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, Defendant-Appellee.

No. 12172.

United States Court of Appeals Seventh Circuit.

May 6, 1958.

George Rose, Indianapolis, Ind., for appellant.

Joseph C. Wallace, Indianapolis, Ind., S. R. Prince, Baltimore, Md., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiffs filed suit against defendant in the Marion, Indiana, Superior Court on August 3, 1956, for damages for alleged wrongful and unlawful discharge by defendant. The cause was removed to the United States District Court for the Southern District of Indiana, and the court sustained a motion by defendant for summary judgment in its favor. From a judgment entered accordingly, plaintiffs have appealed.

From the complaint and affidavits on file, the material facts appear. Those here relevant we now briefly state.

Plaintiffs were employed by defendant carrier. On or about October 15, 1951, defendant entered into a union shop agreement with Brotherhood of Locomotive Firemen and Enginemen, hereinafter referred to as the Brotherhood, requiring membership in the Brotherhood as a condition of employment, but further providing that nothing in the

"agreement should require an employee to become or remain a member of the Brotherhood if such membership is not available to such employees upon the same terms and conditions as are generally applicable to other members."

Plaintiffs were already members of the Brotherhood, or became so shortly after the effective date, November 1, 1951, but allowed their membership to lapse July 1, 1952, having joined the United Railroad Operating Crafts, hereinafter referred to as the UROC. In September, 1952, noncompliance charges were filed against the plaintiffs, and, in conformity with sec. 5 (b) and (c) of the agreement, hearings were held before a representative of defendant, who found plaintiffs all to be in noncompliance. Appeals to the highest officer of the carrier were made as provided in sec. 5(b) and (c), but, before said hearing was held, two of the plaintiffs had applied for reinstatement in the Brotherhood and reinstatement was denied. The other plaintiffs likewise applied for reinstatement, or learned that it was useless to apply as reinstatement was being denied generally to all the members of the UROC. The appeal hearings were held on or about December 14 or 15, 1954, more than two years after the first hearings in 1952.

In November or December, 1954, two of plaintiffs applied for membership in the Brotherhood of Locomotive Engineers and were admitted. On or about September 1, 1954, five former members of the Brotherhood who were in the same craft or class as plaintiffs and who had been members of the UROC, were reinstated in membership in the Brotherhood. Upon a finding by the appeal hearing officer that plaintiffs were in noncompliance, plaintiffs were notified of their discharge to take place on or about January 11, 1955.

Plaintiffs argue that, although they had allowed their memberships to lapse, refusal by the Brotherhood to reinstate them, and the demand for their discharge for reasons other than the failure to pay dues, fees or assessments, and especially when other employees in like condition had been reinstated, were wrongful, in violation of both the Act and the union shop agreement, and entitled plaintiffs to recover damages.

Defendant contends that the agreement in this case required the maintenance of membership continually after the lapse of the original sixty-day period of grace and that plaintiffs elected not to maintain that membership though they could have done so without discrimination.

A more detailed statement of the facts and the conflicting contentions of the parties appears in the opinion of the district court, 154 F.Supp. 917, which treats exhaustively of this case. We find that the reasoning of the district court and the results reached are correct. Therefore the judgment from which the present appeal has been taken is affirmed.

Affirmed.