Dorothy MEIER, Plaintiff and Appellant,

v.

FOSTER SCHOOL DISTRICT NO. 2, Defendant and Respondent.

No. 8273.

Supreme Court of North Dakota.

Dec. 7, 1966.

Milton K. Higgins, Bismarck, for appellant.

Cox, Pearce, Engebretson & Anderson, Bismarck, for respondent.

ERICKSTAD, Judge (on reassignment).

The plaintiff, Dorothy A. Meier, appeals from a judgment of the District Court of Logan County which dismissed her complaint. Trial de novo is demanded.

In her complaint Mrs. Meier alleged that, pursuant to a contract entered into between herself and Foster School District No. 2 on February 17, 1958, the school district became obligated to pay her the sum of $4,450 for her services as a teacher; that, although she has at all times done and performed all of the stipulations, conditions, and agreements stated in the contract to be performed on her part at the time and in the manner specified and was at all times during the term of the contract ready, willing, and able to perform under the contract, the school district has failed and refused and still fails and refuses to perform the said contract except for the payment of $267 to her; and that by reason thereof, she has been damaged in the sum of $4,183.

The pertinent part of the school district's answer reads as follows:

II.

That on or about the 17th day of February, 1958, defendant agreed to employ

the plaintiff as a teacher to teach the Home Economics program consisting of three separate courses in the school operated by defendant, which Home Economics program was to be carried out in keeping with the North Dakota state plan for Vocational Home Economics and the policies of the defendant, and the defendant did execute the contract attached to plaintiff's Complaint on or about the date it bears.

### III.

That the plaintiff had likewise been employed by the defendant to teach Home Economics during the school year which commenced in the fall of 1957, and ending in June, 1958.

### IV.

That during the latter half of the 1957–1958 school term, the plaintiff by her actions and conduct alienated so many students and prospective students that when the school term commencing in the fall of 1958 commenced only a very few students signed up to take any of the Home Economics courses, and that not a sufficient number of students were willing to take such courses to properly conduct said classes, and that under the rules and regulations of the Federal and state aid programs for the teaching of Home Economics, which require enrollments of not less than 40 pupils to qualify for such aid, the defendant school district would have received no state or Federal aid, which would have rendered it financially impossible for the defendant school district to give such courses and operate the Home Economics program in its school.

### V.

That by reason of the facts aforesaid, the Board of Education of the defendant school district, after serious consideration and acting in good faith, determined to discontinue the Home Economics program and courses in their school during the school year commencing in the fall

of 1958, and therefore terminated plaintiff's contract above mentioned, there being no Home Economics program to teach or administer.

### VI.

That the action of the defendant through its Board of Education was reasonable, bona fide and within its powers, and that such contract was legally terminated and the plaintiff was compensated for all the services rendered by her and paid the full amounts due to her under said contract while it existed.

### VII.

That defendant denies each of the allegations contained in plaintiff's complaint except as herein admitted, and specifically denies that plaintiff has been damaged by any act of the defendant as alleged in plaintiff's Complaint, or at all, and denies that there is any sum due from defendant to plaintiff.

Upon a hearing, the district court, acting without a jury, determined that the school district had the power, acting under the statutes of the State of North Dakota, to determine the subjects to be taught in the school operated by it; that its action in discontinuing the classes to be taught in home economics was an action in good faith and within its power; that such action was not an arbitrary or improper act; that in cancelling Mrs. Meier's contract of employment, the school district acted within its powers; that such act was not a breach of said contract; and that therefore Mrs. Meier had no right of action against the school district for damages as a result of a breach of the contract. It accordingly ordered that Mrs. Meier's action be dismissed with prejudice. It is from the judgment entered pursuant to this order that Mrs. Meier appeals.

Although the school district originally alleged in its answer that it was a special school district, it later moved to amend its answer to provide that it was a common

school district. This motion was granted when Mrs. Meier stated that she had no objection.

The contract is contained on the face of one sheet of paper, with no provision for termination contained therein. On the reverse side, under the direction to "Read Carefully," subtitle "II. GENERAL" contains the following: "The school board may dismiss a teacher at any time for plain violation of contract, gross immorality, or flagrant neglect of duty. 15–2508." This is a quotation of part of § 15–2508, N.D.R.C. of 1943, as it read in 1958.

■ There is nothing in the evidence to support a discharge of Mrs. Meier on the basis set forth in that section of the Code, and the court so held. Section 15–3615, N.D.R.C. of 1943, set forth the grounds upon which the Superintendent of Public Instruction should revoke and annul a teacher's certificate. As none of the grounds stated therein apply in this case, and as Mrs. Meier's certificate was not terminated, this statute could not be applied to justify the school district's termination of Mrs. Meier's contract, and the trial court so held.

The contract in this case consisted of a printed form containing blank spaces in which had been typed the date, the name of the teacher, her certificate number, the name of the school district, the term of the contract (which was stated to be 10 months), the beginning date of the contract (which was stated to be August 18, 1958), and the annual salary (which was stated to be $4,450, payable in 10 equal installments). At the bottom of the form, following the printed words "FURTHER PROVIDED, That," the following typewritten material was inserted:

1. This contract to be returned, signed or unsigned, ten (10) days from this date.
2. The program is to be carried out in keeping with the N. Dak. State Plan for Vocational Home Economics and the policies of the local Board of Education.
3. Mrs. Meier shall assist in such school activities as directed by the Supt. of Schools.

The trial court apparently believed that under the provisions contained in this latter part of the contract and under the general powers and duties of the school board set forth in § 15–2506, N.D.R.C. of 1943, the school district had the authority to terminate Mrs. Meier's contract without being obligated to pay her the salary contracted for.

In its memorandum decision the trial court said that this case did not arise nor have its inception in the teacher, but that it arose from a source foreign to her and over which she possessed no control. It stated that the Board's authority to terminate her contract was derived from the general power of the board, and that Subsections 7 and 15 of § 15–2506 were particularly applicable. At the time of the execution of the contract these read as follows:

15–2506. General powers and duties of school board. The district school board, in addition to specific powers and duties enumerated in this chapter, shall: * * *

7. Determine, subject to the approval of the county superintendent of schools, what branches of study, if any, shall be taught in any schools in the district in addition to those required by law; * * *

15. Employ teachers; * * *

North Dakota Revised Code of 1943.

Referring to Subsection 15, the court said that the power to employ teachers presupposes the power of dismissal, and "Every contract made with a teacher includes by implication any statutory provisions for dismissal, and in the absence of statutory provisions, includes the implied power of the board to dismiss for adequate cause." [Quoting 47 Am.Jur. Schools § 125, at 386 (1943). The facts of the case cited in the footnote to that reference concern the dismissal of a superintendent who had been charged with and found guilty of adultery

at the time the board voted to suspend him. They are so different from the facts of this case that the cases are not comparable; thus, the reference is valueless to us.]

The trial court's findings of fact, upon which it based its conclusion that the school board had adequate cause to cancel Mrs. Meier's contract, read as follows:

I.

That the plaintiff, Dorothy A. Meier, had been employed by the defendant school district to teach home economics in the school at Napoleon, North Dakota, operated by defendant, for the school year of 1957–1958, and on the 17th day of February, 1958, entered into a contract with the defendant in writing covering employment for the school year of 1958–1959, commencing with the 18th day of August, 1958, at a salary therein stated, payable in ten equal installments, and that said contract in addition to other provisions, provided: "The program is to be carried out in keeping with the North Dakota State plan for vocational home economics, and the policies of the local board of education."

II.

That in the latter part of August, 1958, the plaintiff made certain visitations to parents and pupils and prospective pupils to be enrolled in said school and that she was paid by the defendant therefor the sum of $267.00 to apply upon said contract.

III.

On August 25, 1958, the plaintiff was notified by the Superintendent of Schools of the defendant school district that the 1958–1959 school term would open at 2:00 P.M. Monday, September 1, with a teachers' meeting.

IV.

On August 30, 1958, a special meeting of the school board or board of education of the defendant school district was held at the schoolhouse and plaintiff was requested to attend such meeting, which she did. At that time plaintiff was informed by the said school board and the members thereof that the course of home economics would not be taught during the 1958–1959 school year because there were not sufficient pupils enrolled to take such courses, and that the board had been advised that because of the lack of enrolled or registered pupils the defendant school district would receive no Federal aid or assistance for the home economics program, and the board therefore requested the plaintiff to tender her resignation, which she refused to do.

V.

By resolution the said school board resolved to notify the plaintiff by special delivery mail that the home economics department of the defendant school district was closed and her contract declared null and void, which such notification was given to the plaintiff by registered mail on the 1st day of September, 1958.

VI.

That the defendant school district did not during the school year 1958–1959 offer or conduct classes in home economics in the school operated by defendant in Napoleon, North Dakota, and did not pay any other sums of money to the plaintiff except as herein set forth.

■ We believe that it is immaterial whether a sufficient number of pupils were enrolled in the home economics courses in September 1958 to secure federal assistance for the home economics program for the 1958–1959 school year, because it is our view that the school district became obligated to pay Mrs. Meier the salary specified for the term specified when the contract was executed in February 1958. To hold otherwise would permit school districts to arbitrarily avoid commitments which

teachers may have been induced to rely on to their detriment.

Generally, in the absence of any statutory or contractual provision to the contrary, the mere fact that a teacher's services are no longer necessary will not justify the dismissal of the teacher without further compensation prior to the expiration of his period of employment under a valid contract fixing a definite period of employment. Annot., 100 A.L.R.2d 1141, 1146 (1965). See also: 47 Am.Jur. Schools § 126, at 388 (1943).

 Although there are cases to the contrary, we believe that the general rule is the correct rule and clearly represents the great weight of authority. There was no provision in our statutes at the time the contract was executed which permitted a school board to discharge a teacher because of a lack of pupils except (as provided in § 15-2509, N.D.R.C. of 1943) when the average attendance of pupils was less than six for ten consecutive days. This statute does not apply to this case. The contract does not state such a basis for dismissal. Accordingly, the termination of the contract constitutes a breach of the contract.

In an action for breach of contract by a public school teacher, the measure of damages is the wages which would have been paid under the contract alleged to have been breached, less any sum actually earned or which might have been earned by the teacher by the exercise of reasonable diligence in seeking and obtaining other similar employment. Blood v. Spring Creek Number 12, Common School Dist., 78 S.D. 580, 105 N.W.2d 545, 548, 92 A.L.R.2d 746.

The school district must assume the burden of proving that a teacher has failed to exercise reasonable diligence in seeking employment to minimize his damages on a breach of his contract by the school district. See: Miller v. South Bend Special School Dist. No. 1, 124 N.W.2d 475, 480 (N.D.1963); Zeller v. Prior Lake Pub.

Schools, Ind. Sch. Dist. No. 719, 259 Minn. 487, 108 N.W.2d 602, 606, 89 A.L.R.2d 1012.

A review of all the evidence does not show us that this burden has been sustained in this case. We therefore conclude that Mrs. Meier is entitled to recover from the school district the amount of her salary less $267 paid to her, or a total of $4,183. The judgment of the trial court is reversed, and the case is remanded with instructions to the trial court to enter judgment in the sum of $4,183 plus interest thereon at the rate of four per cent per annum.

TEIGEN, C. J., and STRUTZ and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.