Ed MORRELL and Dianne Morrell,
Plaintiffs and Appellees,

v.

Rudy HEPPER, Jr., and Donna Hepper,
Defendants and Appellants.

Civ. No. 9970.

Supreme Court of North Dakota.

Nov. 12, 1981.

Lawrence A. Dopson, of Vogel Law Firm, Mandan, for plaintiffs and appellees.

Lester J. Schirado, Mandan, for defendants and appellants.

VANDE WALLE, Justice.

Rudy Hepper, Jr., and Donna Hepper appealed from a judgment awarding Ed Morrell and Dianne Morrell damages for breach of a farm-lease contract. We affirm.

In January 1980 the Morrells, owners of certain farm property, entered into a farm-lease agreement with the Heppers. The lease required the Heppers to summer-fallow one-third of the cropland, or a total of 157 acres, for the 1980 farm season. In February 1980 the Heppers discovered that the total acres of cropland under the lease was 470 acres, whereas the Morrells had

represented that the land contained 497 acres of cropland. The Heppers requested a modification of the lease to reflect the actual number of acres but the Morrells refused to agree to any modification. In the 1980 crop year the Heppers, rather than summer-fallowing any of the acres as required by the lease, seeded 470 acres of wheat. The Morrells brought an action against the Heppers alleging breach of contract, requesting cancellation of the five-year lease, and damages for breach of the agreement in the lease to summer-fallow the specified number of acres. After a trial to the court without a jury, the trial court made findings of fact and conclusions of law wherein it determined that the Heppers had breached the terms of the lease in failing to summer-fallow the number of acres required under the terms of the lease. Judgment was entered and this appeal followed.

█ The Heppers raise only one issue on appeal,[1] i. e., did the trial court err when it awarded damages to the Morrells? The Heppers argue that the suppression of a material fact which a party is found in good faith to disclose is equivalent to a false representation. Because there were only 470 acres of cropland covered by the lease, whereas the Morrells had represented that there were 497 acres of cropland, the Heppers contend that the Morrells should not be entitled to recover damages for the Heppers' failure to summer-fallow the required number of acres. The trial court found as a fact that there had been a misrepresentation as to the number of cropland acres covered by the lease. However, the trial court determined, as a matter of law, that the Heppers waived any right to rescind the

contract by planting a crop after they learned of the 27-acre shortage. We agree. The Heppers learned in February 1980 that there were fewer acres of cropland covered by the lease than had been represented to them. They approached the Morrells about modifying the lease to reflect the reduced number of acres but the Morrells refused to adjust the lease. In *Dangerfield v. Markel*, 252 N.W.2d 184, 191 (N.D.1977), this court quoted with approval the following statement from *Western Transmission Corp. v. Colorado Mainline, Inc.*, 376 F.2d 470, 472 (10th Cir. 1967):

> "It is elementary that an innocent party may waive a breach of a contract and continue performance on his part. If such performance is continued with no conditions attached, the innocent party has made an election and waived the breach."

See also *Daniel v. Hamilton*, 61 N.W.2d 281 (N.D.1953).

█ Once the Heppers were aware that the number of cropland acres covered by the lease was less than what had been represented to them, and the Morrells refused to adjust the terms of the lease, the Heppers had several alternatives available to them, including rescission or a suit for breach of contract. The one alternative they did not have available was to farm the land during the 1980 crop year by seeding all of the 470 cropland acres to wheat and failing to summer-fallow any of the land specified by the lease. We do not recognize this form of "self-help" rationale as an available remedy. Although the Morrells may have misrepresented the number of cropland acres,[2] the Heppers, by failing to

1. The Heppers counterclaimed alleging misrepresentation on the part of the Morrells as to the number of crop acres covered by the lease and claiming damages for such misrepresentation. This counterclaim is not one of the issues before us. See fn. 2, *infra.*

2. The trial court found that the Morrells misrepresented the total number of acres of cropland. The oral opinion delivered by the trial judge from the bench and transcribed as part of the transcript indicates that the advertisement

of the number of crop acres was misrepresentation, "intentional or not."

As a result of that finding the trial judge granted the Heppers a total of $540 in damages, or $20 per acre times the 27 acres less than that which the Morrells had represented the lease contained. Those damages were set off against the damages awarded to the Morrells. The Morrells did not file a cross-appeal. They observe that this setoff was error in view of the finding and conclusion that the Heppers waived any right to rescind the contract by planting a crop after they learned of the 27-acre

rescind or bring an action for breach of contract at that time, accepted the lease with 27 fewer acres of cropland than the amount for which they had originally bargained. The fact that there were 27 fewer acres of cropland did not relieve the Heppers from the duty to summer-fallow one-third of the cropland acres as required by the lease because of their acceptance of that fact.

The Heppers also question the amount of damages awarded to the Morrells by the trial court. The trial court awarded the Morrells damages against the Heppers for unjust enrichment, i. e., because the Heppers seeded more acres than they should have the return from the excess acreage constituted unjust enrichment to them. This court has recognized that "Unjust enrichment is an equitable theory that may be used when a person retains a benefit which in justice and equity belongs to another." *A & A Metal Bldgs. v. I–S, Inc.,* 274 N.W.2d 183, 188 (N.D.1978); *Schneider v. Striefel,* 302 N.W.2d 405 (N.D.1981).[3]

As a second element the trial court awarded the Morrells damages for the cost of establishing summer fallow which the Heppers failed to do as required by the lease.[4] The lease required the Heppers to summer-fallow one-third of the acres and the testimony sustained the cost per acre of establishing the summer fallow.[5]

Finally, as a third element, the trial court awarded damages for the reduced value of the property for rental as cropland in 1981.[6]

The Heppers refer us to Section 32–03–09, N.D.C.C., providing that for breach of an obligation arising from contract the measure of damages is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom. That section also provides that no damages can be recovered for a breach of contract if they are not clearly ascertainable in both their nature and origin. They also refer us to *Selland v. Fargo Public Sch. Dist. No. 1,* 302 N.W.2d 391 (N.D.1981), in which this court reiterated that no damages can be recovered for a breach of contract if they are not clearly ascertainable in both their nature and origin. However, *Selland* and *Vallejo v. Jamestown College,* 244 N.W.2d 753 (N.D.1976), cited in *Selland,* also hold that the purpose of an award of damages is to compensate for an injury. In *Selland* and *Vallejo* the issue concerned damages for a teacher who had been wrongfully

shortage in cropland. Because the Morrells did not file a cross-appeal they have not urged this court to consider this issue and we do not examine it herein.

3. The amount awarded as damages for unjust enrichment was $1,162.31. The amount was computed by taking the disaster payments for the year 1980 plus the actual monetary yield from the acres which should have been summer-fallowed by the Heppers. Although the lease in question was a cash lease, an expert witness testified that the normal crop-share lease in Morton County was one-third to the lessor and two-thirds to the lessee. Therefore, the disaster payments plus yield returns were allotted to the Morrells on a one-third/lessor basis.

4. The trial court computed these damages at $15 per acre times 157.2 acres for a total of $2,358.

5. In *Tong v. Borstad,* 231 N.W.2d 795 (N.D. 1975), this court sustained a finding that it was customary for a tenant taking over land to farm, unless he paid for the summer fallow

existing at the commencement of the tenancy, to return a like number of acres of summer fallow at the termination of his tenancy as existed at the commencement of his tenancy, and that if there was a difference in the number of acres of summer fallow existing at the commencement of the tenancy and at the termination of the tenancy, the party entitled to it would be compensated for the difference. Here, there was no summer fallow on the premises and the Heppers expressly agreed to summer-fallow one-third of the acreage. Custom therefore is not a part of this case because of the specific agreement in the lease whereby the Heppers were to summer-fallow one-third of the acreage.

6. The trial court awarded $1,041 in damages for this element. It was computed by the expert witness as resulting from a reduction of 5.9 bushels to the acre for continuous cropping times the 157.2 acres times the average price of $3.37 per bushel. The witness again applied the one-third/lessor, two-thirds/lessee crop-share basis.

terminated from a teaching position. In both cases this court permitted proof of damages other than merely the contract price where such damages arose from wrongful termination.

Here, the testimony sustained all of the damages awarded to the Morrells. There is little doubt that the Heppers, by seeding to wheat acres that should have been summer-fallowed, received something to which they were not entitled. This occurred *after* they had accepted the contract with less cropland acreage than the lease was represented to contain. The damages awarded as a result of the failure to summer-fallow, i. e., the cost necessary to establish the summer fallow that the Heppers had agreed to establish, were also sustained by the evidence.

Finally, the testimony sustains the award of damages which resulted from a reduced rental value of the land for the year 1981, i. e., as a result of continuous cropping and no summer fallow the cash-rental or crop-share lease would return less to the Morrells than it would if the land had been summer-fallowed as required by the terms of the lease. In *Burt v. Lake Region Flying Service*, 78 N.D. 928, 54 N.W.2d 339 (1952), the court held that the measure of damages where a field of grain has been injured by the negligent application of a spray, intended for the destruction of weeds, is the difference in value between the crop actually raised and the crop that would have been raised had there been no such injury. The trial court applied a similar standard in this instance.

These awards are not erroneous. The damages are clearly ascertainable in both their nature and origin. *Selland v. Fargo Public Sch. Dist. No. 1, supra.* They compensate for an injury that was incurred by the Morrells as a result of the Heppers' failure to comply with the terms of the lease.

The judgment of the district court is affirmed.

ERICKSTAD, C. J., and PAULSON, PEDERSON and SAND, JJ., concur.