**John HOOVER and Gail Johannsen, Plaintiffs and Appellants,**

v.

**WAGNER COMMUNITY SCHOOL DISTRICT NO. 11–4 and its Board of Education, Defendants and Appellees.**

**No. 14192.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 30, 1983.

Decided Jan. 11, 1984.

---

Dennis C. McFarland of McFarland, Petersen & Nicholson, Sioux Falls, for plaintiffs and appellants.

Rodney Freeman, Jr. of Churchill, Manolis, Freeman & Volesky, Huron, for defendants and appellees.

HENDERSON, Justice.

Appellants Johannsen and Hoover (Johannsen and Hoover), two tenured school teachers in Wagner, South Dakota, received letters from appellees Wagner Community School District No. 11–4 and Wagner Community School Board of Education on March 9, 1982. In pertinent part, these pithy letters provided: "This letter is to inform you that your contract will not be renewed for the 1982–83 school year." Thereafter, on March 26, 1982, Johannsen and Hoover received letters informing them of appellees' final decision to not renew their teaching contracts.

Johannsen and Hoover failed to request hearings before the school board and opted to file notices of appeal with the trial court on May 18, 1982. Appellees filed a motion for summary judgment and affidavits on June 29, 1982. Thereafter, Johannsen and Hoover filed motions for summary judgment and affidavits on August 5, 1982. The trial court ordered briefs on the motions. On March 25, 1983, judgment was entered in favor of appellees. We affirm.

We are primarily concerned with the contention of the tenured school teachers that they received insufficient notification from the school officials in that, allegedly, the pithy letters did not conform to the requirements of SDCL 13–43–9.1, commonly referred to as the teachers tenure statute in South Dakota. Specifically, they argue that the notices received did not contain the specific words "intent" or "intention." Johannsen and Hoover assert appellees' letters of March 9, 1982, violated the portion of SDCL 13–43–9.1 providing:

> [T]he school board shall notify in writing a teacher who is in or beyond the third full term of employment in a school district of its intention not to renew the teacher's contract, or the superintendent or school administrator shall so notify the teacher of any intention on his part to recommend to the board that it not renew the teacher's contract.

We disagree. As we held in *Blood v. Spring Creek Number 12, Common School Dist.*, 78 S.D. 580, 584, 105 N.W.2d 545, 547 (1960) (quoting 78 C.J.S. *Schools and School Districts* § 197 at 1066 (1952)): "The notice need not be in the exact language of the statute, but substantial compliance with the statute is sufficient. The notice is sufficient if it fairly informs the teacher that he will not be employed for the succeeding year." *See also, Chapman v. Hamburg Pub. Schools*, 274 Ark. 391, 625 S.W.2d 477 (1981). Here, the language, although pithy, fairly informed the tenured teachers that their contract simply would not be renewed. A fair import of

the pithy letters was that appellees did not intend to renew their contracts.

We are unable to conclude Johannsen's and Hoover's rights were prejudiced by appellees' inadvertent omission. There being no genuine issue of material fact and it being established that movants-appellees were entitled to judgment as a matter of law, summary judgment was properly entered below. *See Hurney v. Locke,* 308 N.W.2d 764 (S.D.1981).

Affirmed.

All the Justices concur.