Susanne NELSON, Appellee,

v.

**DOLAND BOARD OF EDUCATION OF DOLAND SCHOOL DISTRICT NO. 56–2, Appellant.**

**No. 14930.**

Supreme Court of South Dakota.

Argued Oct. 23, 1985.

Decided Jan. 22, 1986.

Raymond A. Gallagher of Gallagher & Battey, Redfield, for appellee.

Rodney Freeman, Jr., of Churchill, Manolis, Freeman & Volesky, Huron, for appellant.

HENDERSON, Justice.

### ACTION

This is an appeal from a circuit court decision which requires appellant Doland Board of Education of Doland School District No. 56–2 (Board) to pay appellee Susanne Nelson (Nelson) $9,125.16 for the wrongful termination of her employment contract. We reverse.

### FACTS

Nelson was a tenured third-grade teacher having been employed by the Board since 1978. At the end of the 1982/1983 school year, Nelson's teaching certificate expired. That summer, the summer of 1983, Nelson attended several colleges in order to renew her certificate. Upon completing the summer courses, Nelson applied for recertification with the Department of Elementary and Secondary Education (DESE). DESE, however, had no record of this application and no record of any money or check being received from Nelson. Nelson also never received her cancelled check from DESE.

In the fall of the 1983/1984 school year, Doland Superintendent Robert L. Light (Light) discussed Nelson's lack of certification with her. Nelson stated that she had applied for recertification with DESE and that she had requested the colleges to send transcripts to accompany her application. Light, however, was previously informed by the colleges that Nelson had not requested her transcripts. Further, one of the colleges advised Light that Nelson did not pay for the course she took that summer and it would not release her transcripts until so paid. Nelson stated she paid for the course by delivering a tuition check to the college professor who taught the course. The college, however, had no record of payment and Nelson did not receive her cancelled check.

Eventually, the course was paid for, transcripts were procured, and in February 1984, it was discovered that Nelson was two credit hours short of the requirements needed for recertification. This resulted because Nelson received some credits in quarter hours rather than semester hours. Thereafter, Superintendent Light assisted Nelson in applying to DESE for temporary Authority to Act. On or before the third Monday in March, 1984 (March 19, 1984), the Board had not informed Nelson of any intent not to renew her employment contract.

On May 1, 1984, the Board offered a contract to Nelson for the upcoming 1984/1985 school year. This contract offer consisted of two pages. The first page was the standard Doland Teacher's Contract and the second page was an amendment which stated: "The following amendment is added to Susanne Nelson's 1984–85 contract: This is a conditional contract and if your teaching certificate is not current by July 10, 1984, this contract becomes null and void."

On May 14, 1984, Nelson returned the contract offer having signed the first page, the standard Teacher's Contract, but not the second page, the amendment. A note which accompanied Nelson's return of the contract offer stated that she did not sign the second page because she was signed up for a class at Black Hills State College

(BHSC) which began the last week of July 1984. Thereafter, Light and Nelson agreed that if Nelson provided proof that she had registered for the BHSC course and paid for it, before she left for the summer, the Board would accept and sign the contract. Nelson, however, did not comply with these requirements before leaving for the summer.

By a letter dated June 5, 1984, Superintendent Light informed Nelson that her contract offer was terminated and that the third-grade position was being advertised because she failed to sign her contract as offered and failed to live up to the verbal agreement. On June 11, 1984, at the regular meeting of the Board, the Board declared Nelson's position open inasmuch as she did not properly sign her contract offer. On July 5, 1984, by a letter bearing that date, Light informed Nelson that the Board had officially revoked her contract offer and would not reinstate it.

On September 5, 1984, pursuant to SDCL 13–46–1, Nelson appealed the Board's decision not to rehire her. A de novo trial was held in circuit court on December 17, 1984. By Findings of Fact, Conclusions of Law, and a Decision dated February 28, 1985, the circuit court adjudged that Nelson was wrongfully terminated and that she recover $9,125.16 from the Board. From the circuit court's decision, the Board now appeals. The Board advances several avenues for reversal. We find one issue dispositive of this appeal. Hence, we do not address the Board's other contentions.

## ISSUE

WAS THE BOARD'S WRITTEN CONTRACT OFFER OF MAY 1984 UNDER THE SAME TERMS AND CONDITIONS AS NELSON'S PREVIOUS TEACHING CONTRACT AND DID NELSON'S FAILURE TO FULLY EXECUTE THE SAME TERMINATE HER RE–EMPLOYMENT RIGHTS WITH THE DOLAND SCHOOL DISTRICT?

## DECISION

We hold that the Board's May 1984 contract offer was under the same terms and conditions as Nelson's previous teaching contract and that Nelson's failure to fully execute the same terminated her statutory re-employment rights. Under SDCL 13–43–9.1 and SDCL 13–43–10, the school board must notify, on or before the third Monday in March, in writing, a teacher who is in or beyond the third year of employment, of its intention not to renew the teacher's contract, and failure by the school board to do so constitutes an offer on the part of the board to renew the contract for the next school year under the same terms and conditions as the current year's contract. SDCL 13–43–11 further provides:

> After an offer has been created under the provisions of § 13–43–10 the school board must by May first of the current school year submit a written contract of employment for the ensuing school year to the teacher and notify such teacher that the offer to accept such contract must be accepted within fifteen days by a signing of such contract by the teacher. If such teacher does not sign such contract within fifteen days the offer created under the provisions of § 13–43–10 is hereby deemed to be revoked.

Thus, if the Board offered Nelson a contract for the next school year, under the same terms and conditions as the contract for the then current year, and Nelson refused the contract, "she has no statutory right to continued employment in the school district." *Collins v. Wakonda Independent Sch. Dist. No. 1*, 252 N.W.2d 646, 647 (S.D.1977).

The facts relevant to this issue are as follows: (1) The Board, on or before May 1, 1984, submitted a written contract of employment to Nelson for the next school year; (2) the first page of this contract offer was identical to Nelson's contract for the then current year except for an increase in wages; (3) the second page of this contract offer was an amendment which stated that the contract was conditional and would become null and void if

Nelson's certificate was not current by July 10, 1984; and (4) Nelson signed the first page, failed and refused to sign the second page, and returned the entirety on May 14, 1984.

Inasmuch as Nelson failed to sign both pages within fifteen days, the Board contends the offer created by SDCL 13–43–10 was revoked under the mandate of SDCL 13–43–11. The Board further maintains that the second page, the amendment conditioning the contract on Nelson's certification by July 10, 1984, was within the same terms and conditions as the contract for the then current year because Nelson was always required by law to be certified. In support of this latter contention, the Board directs us to *Goodwin v. Bennett County High Sch. Independent Sch. Dist.*, 88 S.D. 639, 226 N.W.2d 166 (1975). In *Goodwin*, this Court addressed the issue of whether a teacher received a contract under the same terms and conditions as his then current contract. In *Goodwin*, the teacher's current contract included coaching duties besides teaching but the contract offer to renew just included teaching. In deciding that the contract offer to renew was under the same terms and conditions as the then current contract, this Court stated:

> SDCL 13–8–39 provides that school boards have the general charge, direction, and management of the schools of the district. While Goodwin was entitled to an automatic renewal of his contract to teach, he is nevertheless subject to the authority of the school board under its general powers to direct and manage the schools of the district and the employees employed therein.
>
> A teacher, in acquiring a permanent status, does not thereby acquire a vested right to teach any certain class or in any certain school. The tenure laws do not interfere with the general power and right of school authorities to assign teachers to particular classes and to particular schools in accordance with their judgment and desire reasonably exercised. Such laws do not take from school authorities their incidental powers, originally to assign and subsequently to transfer a teacher to such classroom, such building, and such division as it may determine to be for the best interest of the school as long as the teacher is not thereby demoted in violation of the laws.

*Goodwin*, 88 S.D. at 643, 226 N.W.2d at 168–69 (emphasis omitted).

■ Asserting its general power to direct and manage employees, the Board advocates it could lawfully condition the contract on certification prior to July 10, 1984; and it further advocates that such a requirement was not a different term or condition from that in the current contract. We agree.

Under SDCL 13–42–1, no person can teach in any South Dakota public school nor draw wages as a teacher if they do not have a valid certificate issued by the superintendent of elementary and secondary education authorizing them to teach in the school or field for which they are employed. In the present case, while Nelson was entitled to an automatic renewal of her contract to teach, she was nevertheless subject to the authority of the Board under its SDCL 13–8–39 general powers to direct and manage the schools of the district and the employees employed therein. A teacher, in acquiring a permanent status, does not thereby acquire a vested right to teach despite persistent and fatal difficulties with certification. Here, Nelson had a temporary permit to teach which expired on August 1, 1984; on August 20, 1984, the school term began and she was without a certificate to teach. Tenure laws do not interfere with the general power and right of school authorities to assure that teachers are properly certified as required by law. Certification is a prerequisite for teaching. When faced with persistent certification difficulties and lack of credibility related thereto, the Board resolved in accordance with its judgment and desire reasonably exercised, to add a specific provision mandating certification by a specific date, which date provided ample time and opportunity for recertification through the initial summer courses. Therefore, we can-

not conclude that such a contract is not under the same terms and conditions as the current year contract.

Under the facts, the Board acted reasonably under its general powers and Nelson refused and failed to fully execute the Board's contract offer. A requirement that Nelson be certified by July 10, 1984, only required her to comply with the law. Thus, the Board's offer was revoked, SDCL 13–43–11, and Nelson had "no statutory right to continued employment in the school district." *Collins*, 252 N.W.2d at 647. We therefore reverse the circuit court's decision herein.

FOSHEIM, C.J., MORGAN and WUEST, JJ., and HERTZ, Circuit Judge, Acting as Supreme Court Justice, concur.